IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**JOHNNY ANTUAN HARRIS, JR.**                                                                 **MOVANT**

v.                                                                                   **No. 2:03CR75-B-V**

**UNITED STATES OF AMERICA**                                                        **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner motions [49], [70] under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has responded to the first motion [49], but will not be required to respond to the second [70]. For the reasons set forth below, the first motion will be dismissed as moot, and the second motion will be denied.

**Facts and Procedural Posture**

Johnny Harris Jr. was sentenced in the Northern District of Mississippi on November 3, 2003, by the Honorable Neal Biggers to 94 months imprisonment and five years supervised release following his conviction for violations of 21 U.S.C. 841. On March 26, 2004, the Court granted a motion for reduction of sentence filed by the United States pursuant to Rule 35, and amended the judgement in Harris' case to reflect a sentence of 62 months imprisonment, with five years supervised release to follow. Subsequently, Harris' sentence was reduced to 51 months imprisonment after the court granted a motion to reduce his sentence under 18 U.S.C. § 3582. Following Harris' release from prison, the United States Probation Service filed a motion on July 31, 2009, to revoke Harris' supervised release. The petition alleged that Harris had committed three new violations of law, including: Disturbing the Peace on December 6, 2008, for which he was convicted on February 26, 2009; Simple Assault/Domestic Violence on December 28, 2008, for which he was convicted on February 26, 2009; and Disturbing the Peace

on April 30, 2009, which was pending at the time the petition was filed. In addition, it was alleged that Harris tested positive on May 15, 2009, for cocaine, that he failed to complete a residential reentry placement, and that he failed to maintain employment. Harris appeared before the court on September 29, 2009, for a final revocation hearing. At that time, Harris and his counsel presented the court with an agreed order to revoke supervised release which provided that Harris would be sentenced to 12 months imprisonment, to be followed by two years supervised release. After conferring with both the defendant and his counsel, the court accepted the order and remanded Harris to the custody of the United States Marshal's Service. On December 16, 2009, Harris filed a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel at his revocation hearing.

On August 24, 2012, the court revoked Harris' supervised release and entered an Amended Judgment of incarceration for eight months to be followed by two years of supervised release. Harris' violations were: (1) failure to make required appointments, (2) failure to report contact with law enforcement, (3) failure to comply with drug testing or treatment, (4) failure to comply with location monitoring, (5) violation of the law – disorderly conduct, and (6) failure to complete RRC placement. Harris assented to an agreed order as to the terms of the judgment – and admitted that he had committed each of these six infractions. He then immediately filed the second motion under 28 U.S.C. § 2255. In that motion, Harris argues that his counsel failed to negotiate a favorable sentence, did not tell him that he might have received a lesser sentence had he insisted on a hearing, did not seek bond, and not explaining the sentencing options under the circumstances.

**Discussion**

These claims are without merit. To prove a claim that counsel was ineffective, a defendant seeking *habeas corpus* relief under 28 U.S.C. § 2255 must prove that counsel's performance was deficient and that the deficiency prejudiced the petitioner's legal postition. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

As Harris' first motion [49] under 28 U.S.C. § 2255 challenged the original judgment, the entry of the Amended Judgment has rendered the first motion moot, and it will be dismissed for that reason. As to the second motion [70], despite Harris' repeated and numerous violations of the terms of his two periods of supervised release, his counsel has negotiated relatively small periods of incarceration followed by supervised release. His counsel has argued admirably and obtained small sentences for Harris, despite his many examples of bad behavior. Harris' problem is not that his counsel has performed poorly; it is that Harris, himself, has performed

poorly during his periods of supervised release. If Harris wishes to minimize his sentence, he must simply serve out the remaining eight months incarceration, then comply with the terms of his supervised release for the two year period, as ordered.

For these reasons, the instant motions [49], [70] under 28 U.S.C. § 2255 to vacate, set aside, or correct Harris' sentence will be denied. In light of this ruling, both the motion [68] to reduce sentence and the motion [69] for release due to hardship and stress on Harris' family will be dismissed, as well. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 20th day of March, 2013.

/s/ Neal B. Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE